FILED
CLERK
10/21/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
TRACY PERSAUD,

*Plaintiffs*,

-against-

COSTCO WHOLESALE CORPORATION and
605 ROCKAWAY PJB LLC,

*Defendants*.
--------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

24-cv-04336 (JMW)

**A P P E A R A N C E S:**

Gianni Antonio Tribuzio
Erica Maria Martini
Kevin Scott Klein
Justine Uy
**Rosenbaum & Rosenbaum, P.C.**
100 Wall Street, 15th Floor
New York, NY 10005

Matt T. Gammons
**Gammons Injury & Malpractice Lawyers, P.C.**
21 Park Avenue
Port Washington, NY 11050
*Attorneys for Plaintiff*

Ian E. Hannon
Sal F. DeLuca
**Simmons Jannace DeLuca, LLP**
43 Corporate Drive
Hauppauge, NY 11788
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

Plaintiff Tracy Persaud ("Plaintiff") commenced this action against Defendants Costco Wholesale Corporation and 605 Rockaway PJB LLC (collectively, "Defendants"), asserting negligence claims arising from an August 25, 2023, slip-and-fall accident at a Costco warehouse in Lawrence, New York. Defendants removed the action to this Court on June 19, 2024, based on diversity jurisdiction. Plaintiff now moves to amend the caption and Complaint to join NYU Langone Hospital, NYU Langone Health System, and Antonios Mammis, M.D. as defendants based on alleged medical malpractice arising from treatment Plaintiff received for injuries allegedly caused by the underlying accident, and to remand the action to state court because the proposed joinder would destroy complete diversity.

Before the Court is Plaintiff's motion to amend the caption and Complaint to join NYU Langone Hospitals, NYU Langone Health System, and Antonios Mammis, M.D. as defendants and to remand the action to state court (ECF No. 53), Defendants' opposition to Plaintiff's motion (ECF No. 55), and Plaintiff's reply in further support of the motion (ECF No. 59). The Court held oral argument on October 13, 2026. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff commenced this action against Defendants for negligence claims in the New York State Supreme Court in Queens County on December 14, 2023. (*See generally* ECF No. 1). On June 20, 2024, Defendants removed the case to federal court, where it was assigned to Judge Gary R. Brown and Magistrate Judge James M. Wicks. An initial conference was scheduled on July 6, 2024, for August 6, 2024. (ECF No. 5).

On July 19, 2024, Plaintiff filed her first motion to remand to State Court. (ECF No. 9). On August 2, 2024, an order withdrawing Plaintiff's motion to remand was granted. (Electronic Order dated August 2, 2024). On August 6, 2024, the Court entered a Scheduling Order. (ECF No. 15.) Relevant here, the deadline to amend pleadings was set for November 5, 2024.

Discovery in this case has been extended repeatedly. Collectively between the two parties, there have been ***eleven*** requests to extend discovery. On no less than two of those occasions, the Court emphasized that "no further extensions" would be granted. (Electronic Orders dated September 5, 2025, and July 18, 2026).

The present motion to remand arises out of surgery that Plaintiff had on June 24, 2024, performed by Dr. Antonios Mammis at NYU Langone Hospital. (ECF No. 53-2 at ¶ 4.) The surgery involved the implantation of two spinal cord stimulators. (*Id.*) On August 20, 2025, Plaintiff underwent an x-ray that showed migration of the stimulators. (*Id.* at ¶ 5.) Accordingly, on September 24, 2025, Plaintiff underwent surgery to remove the spinal cord stimulator, again performed by Dr. Antonios Mammis. (*Id.* at ¶ 6.)

On April 13, 2026, Plaintiff advised that she was "currently consulting with a physician regarding whether certain medical treatment rendered to her following the subject August 25, 2023[] accident deviated from the standard" of care, and, "[a]ccordingly," was "seeking permission to [a]mend her Complaint pursuant to F.R.C.P. 15(a)(2), allowing her to include causes of action against the physician[.]" (ECF No. 45.)

On July 28, 2026, Plaintiff filed a motion for a pre-motion Conference seeking leave to join defendants and remand. (ECF No. 51). The Court waived the pre-motion conference requirement and entered a briefing schedule, with Plaintiff's opening brief to be filed August 21, 2026. (Electronic Order dated August 7, 2026).

Accordingly, on August 21, 2026, Plaintiff filed the present motion seeking to 1) amend her complaint to add a cause of action in medical malpractice, 2) to join additional proposed defendants NYU Langone Hospitals, NYU Langone Health System, and Antonios Mammis, M.D., and to remand this action to state court. (ECF No. 53). Defendants filed an Affidavit and Declaration in Opposition in response on September 17, 2026. (ECF No. 55). Plaintiff filed her reply on October 2, 2026. (ECF No. 59.)

While that motion was pending, Plaintiff moved on October 1, 2026 for an extension of time to complete discovery. (ECF No. 57). The Court denied Plaintiff's motion, noting that numerous extensions have been granted already and Plaintiff failed to demonstrate good cause for yet another. (Electronic Order dated October 5, 2026).

The Court heard oral argument on October 13, 2026.

## THE LEGAL FRAMEWORK

Motions to amend pleadings are governed by the Federal Rule of Civil Procedure 15(a). Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." *Bongiovanni v. PennyMac Corp.*, No. 19-CV-3260 (EK) (VMS), 2021 WL 1193043, at *8 (E.D.N.Y. Mar. 30, 2021). Generally, "[u]nless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Commc'ns Co., Inc. v. Best Yet Mkt., Inc.*, No. 17-CV-02987 (ADS) (ARL), 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing the proposed amended pleading has the burden of establishing that amendment would be prejudicial or futile. *Jipeng Du v. Wan Sang Chow*, No. 18-CV-01692 (ADS) (AKT), 2019 WL 3767536, at *4 (E.D.N.Y. Aug. 9, 2019). However, the burden to explain the delay rests with the movant. *Pilkington N. Am., Inc. v. Misui Sumitomo Ins.*

*Co. of Am.*, No. 18 Civ. 8152 (JFK), 2021 WL 4991422, at *5 (S.D.N.Y. Oct. 27, 2021). The moving party must attach the proposed amended pleading to the motion, as was done here, specifying the new claims and/or parties intended to be added. (*See* ECF No. 53-4 (indicating the proposed amendments in track changes)); *Ghaly v. Nissan Motor Acceptance Corp.*, No. 21-cv-01613 (JS) (JMW), 2021 WL 2550389, at *1 (E.D.N.Y. June 22, 2021).

Rule 15(a)(2)'s period of "liberal" amendment ends upon expiration of the date set by the court as the deadline after which no amendment will be permitted. *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021); *United Specialty Ins. Co. v. LIC Contracting, Inc.*, No. 17-CV-5736 (EK) (VMS), 2024 WL 2815977, at *5 (E.D.N.Y. June 2, 2024). At that point, Rule 16 also applies, and a court must balance the "liberal" amendment standard of Rule 15 with Rule 16(b)(4)'s requirement that the plaintiff show "good cause" for an extension of the deadline to amend. *See* Fed. R. Civ. P. 16(b)(4); *see also Pugh v. Casimir*, No. 18-CV-7350 (EK) (RLM), 2021 WL 4463103, at *16 (E.D.N.Y. Sept. 29, 2021) (applying Rule 16 where the request to amend came "long after" the deadline to amend set by the court); *see also Pasternack v. Shrader*, 863 F.3d 162, 174 n.10 (2d Cir. 2017) (determining that plaintiff must satisfy both Rules 15 and 16 to be permitted to amend after the deadline in the scheduling order has passed).

## DISCUSSION

Plaintiff seeks leave to amend the Complaint to assert a new cause of action for medical malpractice and to join three proposed defendants. Plaintiff contends that amendment is proper because her claims arise from the same underlying occurrence, specifically her slip-and-fall accident and resulting back injury, which ultimately required surgery performed by the proposed defendants. Plaintiff further argues that common questions of law and fact exist between Defendant and the proposed successive tortfeasors. Specifically, Plaintiff asserts that:

> The law of negligence is paramount here since medical malpractice shares similar theories of law as a general negligence action. If the slip and fall and medical malpractice issues were tried in the same instance a jury would be able to logically conclude which factor caused or contributed to what injury and would mitigate the Plaintiff's expense in trying two separate actions stemming from the same common cause or nexus. Both . . . are founded on the very same medical proof[.]

(ECF No. 59-2 at 1.)

Defendant, by contrast, argues that amendment is improper because Plaintiff failed to comply with the amendment deadline imposed by this Court and has not demonstrated the requisite good cause under Fed. R. Civ. P. 16 to modify the Court's scheduling order. Defendant further argues that delaying the parties' litigation timeline even further would cause significant prejudice to the Defendant.

**A. Good Cause Under Rule 16**

As noted above, the deadline to move to amend the pleadings was November 5, 2024. Because that deadline passed, the "good cause" standard under Fed. R. Civ. P. 16(b) applies. *Sacerdote*, 9 F.4th at 115. "A finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

Fatal to the finding of diligence is the fact that Plaintiff learned of the alleged medical malpractice no later than August 20, 2025, yet she did not notify anyone of her intent to amend the Complaint until April 13, 2026. (ECF No. 45.) In Plaintiff's own words, "It is arguable that plaintiff did not learn of the malpractice until August 20, 2025, where her x-ray showed spinal cord migration[.]" (ECF No. 53-1 at 4; *see also* ECF No. 53-2 at ¶ 3.) That delay alone is ground to deny amendment. *See Jurez v. Cent. Yetev Lev D'Satmar Meat, Inc.*, No. 21-CV-2633-DG-SJB, 2022 WL 17245486, at *4 (E.D.N.Y. Nov. 21, 2022) (finding lack of diligence and denying motion to amend where plaintiffs waited three months after obtaining new facts); *see also Oliver*

*v. Am. Express Co.*, No. 19-CV-566-NGG-SJB, 2023 WL 4471937, at *6 (E.D.N.Y. July 11, 2023) (finding six-month delay "the opposite of diligence" and denying motion to amend); *Allen v. United Parcel Serv., Inc.*, 988 F. Supp. 2d 293, 301 (E.D.N.Y. 2013) (denying leave to amend where the deadline to amend had passed and the plaintiff failed to address Rule 16(b) in their motion papers).

Even if Plaintiff had exhibited diligence, however, the motion to amend would still fail for the reasons set forth below.

**B. Diversity-Destroying Joinder Under 28 U.S.C. § 1447(e)**

Plaintiff frames her motion to amend in terms of Rule 15. (*See* ECF Nos. 53, 59.) That is not the correct framework. Unlike a typical motion to amend which is analyzed under Rule 15, motions to amend following removal seeking to join non-diverse defendants are analyzed under a distinct statutory standard. "Where, as here, a proposed amendment would divest the court of subject-matter jurisdiction, 28 U.S.C. § 1447(e) governs, and requires a more rigorous analysis [than Rule 15.]" *Getaway 151, LLC v. ACE Prop. & Cas. Ins. Co.*, No. 25 CIV. 2975 (PAE), 2025 WL 2910594, at *1 (S.D.N.Y. Oct. 14, 2025); *see Isaly v. Bos. Globe Media Partners, LLC*, 650 F. Supp. 3d 106, 112 (S.D.N.Y. 2023) ("Although the Second Circuit has not provided direct guidance on this issue, the majority of federal courts, including those in this District, that have addressed this issue have concluded that Section 1447(e) governs post-removal joinder of non-diverse defendants even when a complaint is amended as of right under Rule 15."), *aff'd*, No. 23-67-CV, 2023 WL 6439901 (2d Cir. Oct. 3, 2023); *see also Rivera v. Robin*, No. 19-CV-9558 (JPO), 2020 WL 1644014, at *1 (S.D.N.Y. Apr. 2, 2020) (analyzing motion to amend to join non-diverse defendant under 28 U.S.C. § 1447(e), and not mentioning Rule 15); *In re*

*Rezulin Prods. Liab. Litig. (MDL No. 1348)*, No. 00 CIV. 2843 (LAK), 2002 WL 226409, at *1 (S.D.N.Y. Feb. 13, 2002) (same).

The statute provides that "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Courts have explained that "[u]nder § 1447(e), a district court has discretion to permit the joinder of the nondiverse defendant – and remand the case to state court – or to deny joinder and thereby preserve its jurisdiction." *Candelaria v. Servpro Com. LLC*, No. 24-CV-02164 (JHR) (BCM), 2025 WL 3493791, at *3 (S.D.N.Y. Dec. 5, 2025); *see also McGee v. State Farm Mut. Auto. Ins. Co.,* 684 F. Supp. 2d 258, 261 (E.D.N.Y. 2009).

In exercising that discretion, courts in this circuit engage in a two-part analysis. *See Vanderzalm v. Sechrist Indus., Inc.*, 875 F. Supp. 2d 179, 183 (E.D.N.Y. 2012); *Shuja v. AbbVie Inc.*, No. 25 CIV. 08939 (VM), 2026 WL 114934 (S.D.N.Y. Jan. 15, 2026). First, the district court must evaluate whether the joinder of the additional defendant is permissible under Fed. R. of Civ. P. 20(a)(2) ("Rule 20(a)(2)"). *Id.*; *see also, e.g.*, *Bruno v. Zimmer, Inc.*, No. CV156129LDWAKT, 2017 WL 8793242, at *5 (E.D.N.Y. Aug. 11, 2017) ("[N]otwithstanding this statutory discretion [under 28 U.S.C. § 1447(e)], the court must first determine whether the additional defendant may be joined under Fed. R. Civ. P. 20(a).") (internal citations omitted). Rule 20(a)(2) sets forth a two-part analysis for determining whether defendants may be permissively joined in an action. Joinder is proper where: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

If the Court determines that joinder is permissible, it must then proceed to the second step and assess whether the relevant considerations, evaluated under a "fundamental fairness" analysis, favor joinder and the resulting remand to state court. *McGee*, 684 F. Supp. 2d at 262. This analysis contains four factors "(1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment." *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). "Diversity-destroying joinder is permitted when the factors weigh in the moving party's favor." *Id.*

Accordingly, the Court proceeds to first analyze whether joinder is permissible under Rule 20, and, if so, whether diversity-destroying joinder would comport with fundamental fairness.

*1. Rule 20 Analysis*

"Both prerequisites [of Rule 20], the same transaction or occurrence and common question of law or fact, must apply for joinder." *Romano v. Levitt*, No. 15CV518A, 2017 WL 193502, at *2 (W.D.N.Y. Jan. 18, 2017) (internal citation omitted).

Here, Plaintiff's claim against Defendant arises out of a slip and fall that occurred in 2023, while Plaintiff's claims against the proposed new defendants arise out of an allegedly botched medical procedure in 2024. The claim against Defendant sounds in premises liability, while the claims against the proposed new defendants arise under medical malpractice law. These are unrelated claims arising from different occurrences, so it is not clear whether joinder is even permissible. *Cf. Candelaria v. Servpro Com. LLC*, No. 24-CV-02164 (JHR) (BCM), 2025 WL 3493791, at *3 (S.D.N.Y. Dec. 5, 2025) (finding Rule 20 standard satisfied in slip-and-fall

case where proposed new defendants were, like the original defendants, alleged to have been responsible for maintaining the premises but failed to do so).

Even assuming joinder were permissible under Rule 20, however, Plaintiff's proposed diversity-destroying joinder fails on prong two of the analysis: fundamental fairness.

*2. Fundamental Fairness to Destroy Diversity*

a. Delay

This factor intersects with the good cause and diligence discussion as set forth above. Briefly, the fact that Plaintiff knew of the alleged medical malpractice at least eight months before moving to amend weighs heavily in favor of defendant. *See Edwards v. CVS Health Corp.,* 714 F. Supp. 3d 239, 249 (S.D.N.Y. 2024) (weighing delay against joinder where counsel waited well beyond removal and the initial thirty-day remand period without newly discovered facts justifying the addition of non-diverse parties); *see also In re Rezulin Prods. Liab. Litig.* (MDL No. 1348), No. 00 CIV. 2843 (LAK), 2002 WL 31466455 (S.D.N.Y. Nov. 5, 2002) (finding delay in plaintiff's failure to join and amend over six months); *Deutchman v. Express Scripts, Inc.*, No. 07-CV-3539(DLI)(RER), 2008 WL 3538593 (E.D.N.Y. Aug. 11, 2008) (considering that Plaintiff's injuries were known at the time the complaint and also at the time motion for removal was filed).

b. Prejudice

Defendant would suffer significant prejudice if the Court granted remand to state court and permitted joinder of the three proposed defendants. Defendant has already expended substantial time and resources litigating this action. Moreover, joinder of the proposed defendants would necessitate further discovery despite the parties having already engaged in approximately two years of discovery. Plaintiff's second attempt to obtain remand, at this stage

of the litigation, further raises concerns that the proposed joinder would materially alter the posture of an action that Defendant has spent considerable time and resources litigating in this forum.

Although courts have recognized that the "potential for additional discovery alone" is insufficient to establish prejudice, *Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut*, No. 09-CV-213 (RLM), 2009 WL 1940731, at *2-3, (E.D.N.Y. July 2, 2009), the circumstances here extend beyond the mere possibility of additional discovery. The Court has already entered numerous orders extending the discovery schedule. The only discovery remaining is for Defendant to take the deposition of Plaintiff's expert, Dr. Baum, on November 18, 2026; and even that was only pursuant to a special dispensation due to scheduling conflicts on both sides. (*See* Scheduling Order dated 10/19/2026.) Other than that, discovery is complete, and the parties are ready to take the first steps toward summary judgment motion practice. (*See* Electronic Minute Order dated 10/13/2026 (setting end date of expert discovery at October 16, 2026).)

Permitting joinder at this advanced stage would require the parties to reopen discovery to address an entirely new medical malpractice claim and three additional defendants, further delaying the resolution of this action. Defendant would be subject to being mired in malpractice-related discovery. At oral argument, Plaintiff's counsel suggested that that discovery will be directed only at the proposed new defendants and therefore will not burden Defendant. But as the Court noted—and to which counsel had no meaningful response—Costco can hardly be expected to sit back inattentively while the case proceeds. It will at the very least need to keep abreast of developments regarding the new claims, which in itself will add litigation costs.

Accordingly, the Court finds that granting Plaintiff's motion to amend would be prejudicial to Defendant.

c. Likelihood of Multiple Litigations

The Court recognizes that denying Plaintiff's request for joinder may result in multiple litigations. However, granting Plaintiff's request would end up in the same place. Defense counsel represented at oral argument that if the complaint is amended to add medical malpractice claims against join non-diverse defendants and then remanded to state court, Defendant would immediately move the state court to sever those claims. If that motion for severance is granted, Defendant will intends to remove right back to this Court. Accordingly, the Court must consider whether such a motion for severance would likely be granted.

Defendant cites several New York state appellate division cases suggesting that, were these two causes of action to be joined and remanded, they would be quickly severed again. In *Kaladze v. Ocean Park Acquisition, L.P.*, the plaintiff "fell on a public sidewalk adjacent to property owned and/or managed by the defendants." 163 N.Y.S.3d 436 (2d Dep't 2022). She then filed a second action "alleging medical malpractice in the treatment of her injuries." *Id.* The Second Department held that joinder or consolidation of the two actions would be improper, because they "involve dissimilar causes of action, with little danger in inconsistent verdicts," and "there is a risk of confusing the jury and rendering the litigation unwieldy." *Id.*

Similarly, in *Cromwell v. CRP 482 Riverdale Ave., LLC*, the first action asserted claims for "negligent maintenance" after the plaintiff "stepped in a rodent hole" on property owned and managed by the defendants. 80 N.Y.S.3d 423 (2d Dep't 2018). "Approximately one year later," the plaintiff commenced a separate action against several hospitals, "based on their treatment of [his] foot injury, seeking damages under theories of medical malpractice and lack of informed consent." *Id.* The Second Department held joinder was improper "given the limited commonality between the two actions, the disparate legal theories and dissimilar issues they involve, the very

different procedural stages of the two actions at the time the motion was made, and the potential prejudice to the opposing parties as well as the risks of juror confusion and unwieldy litigation if a joint trial was granted." *Id.*; *see also Brown v. Neighborhood Ass'n for Inter-Cultural Affs., Inc.*, 185 N.Y.S.3d 669 (1st Dep't 2023) (similar); *Licona-Rubio v. New York City Health & Hosps. Corp.*, 197 N.Y.S.3d 13, 14 (1st Dep't 2023) (similar).

These cases are directly on point. Just as in *Cromwell* and *Kaladze*, the first action asserts premises liability arising out of a slip and fall, while the proposed second action asserts medical malpractice claims against a whole new set of defendants. Although the two actions are related insofar as the malpractice claim arose from treatment for injuries Plaintiff sustained in the slip and fall, that was the situation in *Cromwell* and *Kaladze* too—yet the Second Department nonetheless held the actions too tenuously related to warrant joinder. Indeed, the court expressed concern of unwieldy litigation and juror confusion.

Plaintiff's reply brief does not address Defendant's cases. (*See generally* ECF No. 59-22.) Nevertheless, during oral argument the Court offered Plaintiff another opportunity to address the matter. Plaintiff took up the invitation and filed a supplemental brief. (ECF No. 64.) The supplemental brief makes no effort to distinguish Defendant's cases, but points to other cases that appear to have come out the other way. Most of Plaintiff's cases are inapposite,[1] but

---

[1] *Guilford v. Netter*, 578 N.Y.S.2d 664, 664 (2d Dep't 1992), is easily distinguishable. There, one of the causes of action was medical malpractice, and the other was negligence against Empire Blue Cross and Blue Shield. Obviously, a negligence claim against *a health insurance company* is related to medical malpractice, so it is not surprising that the court wanted the claims heard together. Plaintiff next cites *Courtney v. Port Auth. of New York & New Jersey*, 827 N.Y.S.2d 79, 81 (2d Dep't 2006), but that case did not address the propriety of joinder or severance at all. This Court cannot draw conclusions from what an opinion *didn't* say. Silence is not a holding. Next, Plaintiff cites *Brody v. Bassett Healthcare Network*, 256 N.Y.S.3d 422, 429 (3d Dep't 2026). That case is inapposite for the same reason as *Courtney*, namely, that the court did not address joinder. *Brody* is also distinguishable on the facts, as the medical malpractice and negligence claims there were against the same defendant for substantially the same occurrence—the hospital's treatment and care of the plaintiff. Finally, Plaintiff cites *Woodhouse v. Orangetown Pediatrics, P.C.*, 624 N.Y.S.2d 405 (1st Dep't 1995). That case does not include any statement of facts and thus the Court cannot determine whether or not it is on-point. (Plaintiff also cites

one stands out. *See Rogers v. U-Haul Co.*, 554 N.Y.S.2d 600 (1st Dep't 1990). There, the first action arose from a vehicular accident; five years later, during discovery, the parties discovered "the likelihood that medical malpractice resulted in the aggravation of injuries," giving rise to the second action. *Id.* The First Department held that the trial court "acted within the scope of its discretionary powers in denying severance of the third-party action, with the object of preventing contradictory results and in the interests of judicial economy." *Id.* So too here, a New York state court following *Rogers* could reason that Plaintiff's medical malpractice claim should be heard in the same forum as the slip-and-fall claim, because the medical malpractice may have "aggravated" the underlying injury.

Regardless, even on the possibility that Plaintiff would be successful in maintaining both claims in the same action, this one factor (likelihood of multiple litigations) would not outweigh the other three (delay, prejudice, and Plaintiff's motivation).

d. Plaintiff's Motivation for the Amendment

"The fourth factor—the plaintiff's motivation for seeking joinder and remand—'is the most significant consideration in the fairness analysis.'" *Aparicio v. Uber Techs., Inc.*, No. 22-CV-4244-OEM-SJB, 2023 WL 5287065, at *6 (E.D.N.Y. Aug. 16, 2023) (quoting *Isaly*, 650 F. Supp. 3d at 115). "A principal desire to destroy the court's basis for diversity jurisdiction is an impermissible motive for seeking joinder and remand after removal to federal court." *Isaly*, 650 F. Supp. 3d at 115.

While Plaintiff argues that joinder would result in efficiently litigating related claims in a single forum, the Court cannot ignore the elephant in the room. Plaintiff has moved for remand in the past, so it is difficult to avoid the conclusion that the present motion to amend is simply a

two trial court decisions, but the Court did not invite such briefing and so declines to consider them.)

pretext to escape federal court. Plaintiff's claims accrued before the deadline for joinder, and she waited approximately one year before filing for leave to amend. Considering the totality of the circumstances surrounding this action, including Plaintiff's second attempt to obtain remand, the substantial completion of discovery, and the convenience of the parties, this factor weighs in favor of Defendant.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion (ECF No. 53) is denied.

Dated: Central Islip, New York
October 21, 2026

**S O O R D E R E D:**

/S/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge